UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: ) IN PROCEEDINGS FOR REORGANIZATION
) UNDER CHAPTER 11 OF THE BANKRUPTCY
TVO ACQUISITION CORPORATION, ) CODE
d/b/a John Gillen Company )
)
) Case No. 06-13035
)
Debtor. ) Honorable Eugene R. Wedoff

## FINAL ORDER REGARDING CASH COLLATERAL

At Chicago, Illinois, in said District this 26th day of April, 2007.

**THIS MATTER COMING ON** the Motion for Use of Cash Collateral ("Motion") filed by TVO ACQUISITION CORPORATION, d/b/a John Gillen Company ("Debtor"), due notice of said Motion having been given to all those entitled thereto.

This Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 and shall take effect and be fully enforceable retoractive to October 12, 2006 ("Filing Date") immediately upon execution hereof.

ITASCA BANK & TRUST COMPANY ("Bank") and the Debtor having consented and stipulated to the terms of this Order; the Court having read, considered and examined the Motion and the terms of the Order, and the statements made in open court with respect thereto; the Court having held a final hearing with respect to the Motion pursuant to Bankruptcy Code Sections 363 and 364 and Bankruptcy Rule 4001(b) and (c); and any objections that may have been filed or made having been withdrawn, resolved or overruled by the Court, **THE MOTION IS GRANTED AND IT APPEARS TO THE COURT THAT:**

1. These proceedings were initiated on October 12, 2006, by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code ("Code"). Debtor intends to manage its business and property pursuant to Sections 1107 and 1108 of the Code.

2. Prior to initiation of these proceedings, Debtor borrowed money from and otherwise incurred indebtedness to the Bank.

3. The Loan Documents were all properly executed by the Debtor and the Bank has a first lien and security interest upon substantially all of Debtor's property, whether now existing or hereafter arising, including without limitation, all accounts, accounts receivable, notes, conditional sales contracts, goods, contract rights, instruments, documents, chattel paper, furniture, fixtures, equipment, inventory and all products and proceeds of the foregoing.

4. Debtor was indebted to the Bank at filing in the principal sum of $1,600,000.00, plus interest and fees and costs.

5. Debtor, as debtor in possession, is presently unable to obtain secured or unsecured financing or credit from any source.

6. Debtor requires use of cash collateral in order to pay wages and salaries, purchase supplies, pay rent and utilities, and otherwise operate its business.

7. The Bank is willing to allow Debtor to use cash collateral as provided in this Order. Bank consented to use of cash collateral at initiation of case.

8. Entry of this Order will avoid disruption of Debtor as a going concern, will increase the value of Debtor's estate, and is in the best interest of this estate. Entry of this Order prior to final hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is necessary to avoid immediate and irreparable injury to Debtor.

9. No Committee has been appointed in this Case.

10. The terms of this Order have been negotiated in good faith and at arms' length.

**NOW, THEREFORE, THE COURT BEING FULLY ADVISED IN THE PREMISES, IT IS HEREBY ORDERED, ADJUSTED, AND DECREED**, as follows:

(a) The paragraphs contained in the preamble to this Order are hereby restated and incorporated herein by reference. Debtor and the Bank hereby consent and stipulate to entry of this order and the terms thereof.

(b) **From the date hereof until Confirmation, Debtor is hereby authorized to use cash collateral in an amount not to exceed $350,000.00 monthly** provided, however, that (i) cash collateral shall not be used for expenses other than those categorized on a preliminary budget, a copy of which is attached hereto as Exhibit "A", (ii) no payments shall be made for inventory not in use by the Debtor, and (iii) no payroll payments shall be made without simultaneous tax deposits being made in an amount equal to the applicable withholding and social security taxes for each employee paid.

(c) Except as otherwise provided in this Order, Debtor shall use the cash collateral solely for payment of its post-petition obligations and indebtedness unless otherwise ordered by the Court after timely written notice to the Bank.

(d) This Order, when executed by this Court, shall be deemed to be and shall constitute a security agreement under the applicable provisions of the Uniform Commercial Code in effect in the State of Illinois and any other state in which Debtor has property.

(e)(i) To secure the Debtor's liabilities to the Bank as defined in Paragraph (f) herein and in any agreement between the Bank and Debtor and as adequate protection for the Bank for Debtor's use of cash collateral, Debtor is hereby authorized, ordered, and directed, and **Debtor does hereby grant to the Bank a first-priority, perfected lien and security interest** (with the priority of the Bank with respect thereto to

3

be reserved and determined hereafter) upon all existing and after-acquired property of the estate, whether now existing or hereafter arising, whether real or personal, tangible or intangible (subject only to valid and perfected liens and security interest existing on the date of the initiation of these proceedings, if any) including, but not limited to the following: all accounts; accounts receivables; contract rights; purchase orders; instruments; documents; chattel paper; general intangibles; licenses agreements; chattel leases; all trademarks and trade names; copyrights; patents; patent applications; royalty and franchise agreements; causes of action; claims to tax refunds which Debtor may have; furniture displays; goods, chattels; consumer goods; goods repossessed from or returned by an account debtor; the sale, lease, or other disposition of such repossessed or returned goods by the Debtor, which gives rise to an account; furniture; fixtures; tools; supplies; work in process; finished goods; inventory; motor vehicles; all additions; accessions, and attachments to any of the foregoing described property; all substitutions; renewals, improvements, and replacements of any of the foregoing described property; all proceeds and products of any of the foregoing described property including without limitation; all insurance policies insuring the foregoing property or any part thereof; and proceeds of said insurance, including unearned premiums (all of the above described collectively referred to herein as "Collateral"); provided, however, that in the event the Bank does not have a perfected lien or security interest in an item or items of Collateral as of the date commencement of this case ("Unperfected Collateral"), such Unperfected Collateral shall secure only that portion of Debtor's respective debt to the Bank equal to the amount of cash collateral used by the Debtor.

 (e)(ii) The lien granted by the Debtor under Paragraph (e)(i) will not modify the pre-existing rights of the Bank to any of the Collateral encumbered by the lien under Paragraph (e)(i).

 (f) The provisions of this Order shall be binding upon and inure to the benefit of debtor, the Bank and their respective successors and assigns.

(g) Debtor shall insure the Collateral for the full insurable replacement value thereof with insurance companies acceptable to the Bank and naming the Bank as loss payee on all such policies of insurance.

APR 2 6 2007

ENTER:

Eugene R. Wedoff, Bankruptcy Judge

John E. Gierum
GIERUM & MANTAS
1030 West Higgins Road
Suite 220
Park Ridge, IL 60068
847/318-9130
Atty. No. 0951803

# *BUDGET*

**DISBURSEMENTS:**

   3. Net payroll:
      a. Officers            $ 6547
      b. Others             $ 52,214

   4. Taxes
      a. Federal Income Taxes     $ 10,000
      b. FICA withholdings       $ 7,000
      c. Employee's withholdings   $ 4,500
      d. Employer's FICA        $ 7,000
      e. Federal Unemployment Taxes   $ 600
      f. State Income Tax        $ 2,700
      g. State Employee withholdings   $ 6400
      h. All other state taxes     $ 0

   5. Necessary expenses:
      a. Rent or mortgage payments(s)   $ 25,083
      b. Utilities            $ 22,000
      c. Insurance           $ 21,000
      d. Merchandise bought for
          manufacture or sale     $ 148,000
      e. Other necessary expenses:
          Contract Labor          $ 5,000
          Outside work/heat treat/plating   $ 19,000
          Shipping supplies/freight   $ 2,900
          Supplies/equip lease/subscription   $ 4,500

**TOTAL DISBURSEMENTS**            $ 349,500